United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41611
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN BONILLA-FRAGOSO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1082-1
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Martin Bonilla-Fragoso appeals his 41-month sentence for

illegal reentry into the United States following deportation in

violation of 8 U.S.C. § 1326(b). Bonilla-Fragoso argues that the

district court committed reversible error by sentencing him

pursuant to a mandatory sentencing guidelines regime in light of

United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). He

also contends that, because the district court imposed the lowest

possible sentence under the guidelines, with little explanation,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his criminal history consisted of a single conviction, the district court may have concluded that his 41-month sentence was excessive under an advisory guidelines regime. Bonilla-Fragoso contends that the district court's error thus was not harmless.

Bonilla-Fragoso's challenge to the district court's mandatory application of the Sentencing Guidelines does not implicate the Sixth Amendment and instead alleges the type of error that the district court committed in sentencing Ducan Fanfan, one of the defendants in Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). The Government concedes that Bonilla-Fragoso preserved a claim of Fanfan error, but asserts that the error was harmless.

The imposition of Bonilla-Fragoso's sentence under the then-mandatory guideline sentencing regime constituted error, and the Government thus bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Bonilla-Fragoso differently under an advisory guideline sentencing regime. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). This court noted in United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), that it had found Booker errors harmless in two circumstances--first, when the district court stated that it would have imposed the same sentence in the absence of mandatory guidelines, and second, when the district court explicitly refused to allow the defendant to serve his

federal sentence concurrently with his state sentence.  <u>Garza</u>, 429 F.3d at 170.  Neither of those circumstances is present in Bonilla-Fragoso's case.  Nor is there any indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. <u>See</u> <u>Walters</u>, 484 F.3d at 464-66.

Bonilla-Fragoso also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Bonilla-Fragoso's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Defendant contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Bonilla-Fragoso properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Bonilla-Fragoso's conviction is affirmed, his sentence is VACATED, and the case is REMANDED for resentencing.

CONVICTION AFFIRMED; VACATED AND REMANDED FOR RESENTENCING.